IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| GRANDWAY U.S.A. CORPORATION, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>DV INTERNATIONAL, a Minnesota corporation,<br><br>    Defendant.<br>_____<br><br>DV INTERNATIONAL, a Minnesota corporation,<br><br>    Third-Party Plaintiff,<br><br>vs.<br><br>DIAL INDUSTRIES, INC., a California corporation, and RADIAL INDUSTRIES, INC., a California corporation, ELI PINE, an individual, and GAYLE ROSENBERG, an individual,<br><br>    Third-Party Defendants. | MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S AND THIRD-PARTY DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 2:02-CV-1227 TS |

The Court heard argument and ruled on Plaintiff's three summary judgment motions on November 14, 2005.  This Order reflects the ruling made by the Court at that hearing.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[1]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]

## II.  DISCUSSION

For the reasons set forth it its oral ruling, the Court will deny Plaintiff's Motion for Summary Judgment of Literal Infringement of the '961 Patent.

The remaining two motions will be discussed together.  Plaintiff and Third-Party Defendants seek the dismissal of several of DV's claims for relief and affirmative defenses as a sanction under Rule 37.  Summary judgment is not an appropriate sanction under Rule 37 for failure to answer interrogatories.  Even if it were, the Court notes that Plaintiff and Third-Party Defendants have never filed a motion to compel in

---

[1] Fed. R. Civ. P. 56(c).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986);  *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

this case and that they are complaining of discovery violations for the first time in these motions.  Further, DV has stated that the parties agreed to stay discovery in this matter in order to pursue settlement agreements.  These considerations lead the Court to reject the argument made by Plaintiff and Third-Party Defendants and will deny Plaintiff's and Third-Party Defendant's motion for summary judgment on this basis.  But the Court will address the sufficiency of each of the challenged claims and defenses.

The Court finds that summary judgment should be granted in favor of Grandway, Dial, and Radial on DV's first and second claims for relief for the reasons stated in its oral ruling.  These claims remain against Rosenberg and Pine.  The Court will not, however, require DV to arbitrate these claims because Judge Campbell has found that Grandway, Dial, Pine, and Rosenberg were not parties to the agreement between DV and Dynatec and, therefore, could not compel DV to arbitrate these claims.[4]  Further, the Court finds that even if they were parties to the agreement, Plaintiff and Third-Party Defendants have waived the arbitration clause.

The Court will dismiss DV's third claim for relief since DV has agreed to voluntarily dismiss this claim without prejudice.

Turning to DV's fourth claim for relief, the Court finds that summary judgment should not be granted on this claim.  There are genuine issues of material fact as to whether Plaintiff and Third-Party Defendants have interfered with DV's economic relations and whether they used improper means or had an improper motive.

---

[4]Case No. 2:02-CV-1405 (Docket No. 27).

DV's ninth affirmative defense of invalidity will be allowed to remain since DV has presented some evidence to support this defense.

DV's tenth affirmative defense is dismissed because DV has not provided any evidence whatsoever to support this claim.

### III.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Summary Judgment of Literal Infringement of the '961 Patent (Docket No. 20) is DENIED.  It is further

ORDERED that Plaintiff's Motion for Summary Judgment Dismissing Claim 1 and Partial Summary Judgment Dismissing Claim 2 Against Rosenberg and Pine from DV's Second Amended Complaint (Docket No. 23) is GRANTED IN PART AND DENIED IN PART.  It is further

ORDERED that Plaintiff's and Third-Party Defendant's Motion for Partial Summary Judgment Partially Dismissing Claim 2 and Fully Dismissing Claims 3-4 of Defendant DV's Second Amended Complaint, and Dismissing the Ninth and Tenth Affirmative Defenses from DV's Answer, Counterclaim, and Third-Party Complaint (Docket No. 26) is GRANTED IN PART AND DENIED IN PART.

DATED   November 16, 2005.

BY THE COURT:

_____
TED STEWART
United States District Judge